The opinion of the court was delivered by

Mr. Justice Johnson.

The legality of the contract on which this action is founded, has not been called in question, and the only ground, of objec- *51 don, is, that the note was founded on a consideration which was to be performed by the plaintiff’s father; and which, in consequence of the death of the child, became unnecessary and impossible. This objection, it appears to me, does not necessarily grow Out of the case, and admitting it, to its whole extent, still the motion in this case cannot prevail.
The precise terms of the agreement between the defendant and the plaintiff’s father, did not transpire, and we must look to to the circumstances connected with it, in order to ascertain the true consideration; from which I think it clearly deducible, that, other legal considerations entered into this agreement.
The defendant was charged with being the father of the plaintiff’s illegitimate child; and upon his conviction, would have been bonnd to enter into recognizance, with securitjq in the penalty of £60, conditioned for the payment of £5, annually, for its support and maintenance; and m the event of his being unable to give the security, he was liable to be hound out for a term of years, to raise a fund for that purpose; and a discharge from these liabilities, by the plaintiff’s father entering into the recognizance, if not exclusively, was obviously the primary consideration of the note. The plaintiff’s father has performed his part of the contract; and there can be no good reason why the defendant should not perform his. He was under no compulsion to enter into it, and if he has made a bad bargain, he must perform it. It is no excuse for- the-non performance of a contract, that the loss to the opposite party, or the services to be performed by him, fell short of what was calculated; a contrary rule would have the effect of destroying the power of contracting entirely.
The motion is refused. —
JVott,. Richardson, Huger, CoG cocTc and Gantt, Justices, concurred*